IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 FEB -5 PM 2: 53
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| VALERIE SCARBER; VALERIE SCARBER as executrix of the Estate of Dorosco Scarber, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NUMBER CV-99-B-2900-S |
| COUNTRYWIDE HOME LOANS, INC., et al, | ) ) ) ) | |
| Defendants. | ) | |

ENTERED
FEB -5 2001

## MEMORANDUM OPINION

This matter comes before the Court on the Motion for Partial Summary Judgment filed by Countrywide Home Loans, Inc. ("Countrywide"), defendant and counterclaim plaintiff in the above-styled action. Countrywide seeks judgment as a matter of law in its favor and against Valerie Scarber, individually and as the Executrix of the Estate of Dorosco Scarber ("Estate"), and against the Estate, on Counts One and Four of the Complaint and on all claims asserted by Countrywide in its Amended Answer and Counterclaim for Declaratory and Equitable Relief ("Counterclaim"). Based on the findings of fact and conclusions of law set out below, the court has determined that the motion is due to be granted.[1]

---

[1] As set out below, Countrywide is entitled to judgment on Count One of its Counterclaim. Therefore, Count Two of the Counterclaim is moot.



## DISCUSSION

Procedural Background

1. Plaintiff filed the Complaint in this action on behalf of herself individually and as the Executrix of the Estate of Dorosco Scarber on October 4, 1999. While the Complaint contained Four Counts, only two, Counts One and Four, appeared to seek any relief on behalf of the Estate. In Count One, plaintiff sought to enjoin the foreclosure of a mortgage ("Mortgage") at issue in this case. In Count Four, plaintiff sought a declaration that the Mortgage and corresponding note ("Note") were null and void because the mortgage broker which originated the loan in question, The Mortgage Center, Inc. ("TMCI"), was not properly licensed as required by section 5-19-22, *Code of Alabama* (1975).[2]

2. On March 13, 2000, Countrywide filed its Amended Answer and Counterclaim for Declaratory and Equitable Relief ("Counterclaim"). In the first count of that Counterclaim, Countrywide sought: 1) a judicial declaration that the borrower under the note and mortgage, Rev. Scarber (or his estate, successors or assigns), was in default in repayment of the debt secured by the mortgage; 2) a judicial determination of the amount owed to Countrywide in order to cure the default in repayment of the mortgage; and 3) a judicial decree foreclosing the mortgage and decreeing that Countrywide is entitled to sell the collateral property at foreclosure sale.

---

[2] In Counts Two and Three, plaintiff Valerie Scarber in her individual capacity sought to recover damages under individual tort claims arising from alleged wrongful acts of Countrywide occurring after the death of Dorosco Scarber.

2

The Mortgage, Note and Collateral Property

   3. On August 1, 1995, Dorosco Scarber executed a document (the "Mortgage") mortgaging, granting, and conveying to The Mortgage Center, Inc. ("TMCI"), real property (the "collateral property") located in Jefferson County, Alabama, more fully described as:

> A part of the SW1/4 of the SE1/4 and the SE1/4 of the SW1/4 of Sec. 3, T19S, R5W, more particularly described as follows: Commence at the NW corner of said SW1/4 of the SE1/4; thence run S00°05'29"W along the West line thereof for a distance of 361.53 feet to a point on the Easterly R.O.W. of Silkstocken Road; thence run S24°36'00"W along said R.O.W. for a distance of 294.55 feet; thence run S65°24'00"E for a distance of 275.00 feet; thence run S24°36'00"W for a distance of 195.67 feet to the Northerly R.O.W. of Pruitt Drive; thence run S72°25'01"E along said R.O.W. for a distance of 188.92 to the P.O.B. of a curve to the left having a central angle of 92°20'20" and a radius of 25.00 feet and a chord bearing of N61°29'49"E; thence run along the arc of said curve for a distance of 40.29 feet; thence run N16°11'21"W for a distance of 52.01 feet to the Westerly R.O.W. of Rigging Road; thence run N16°20'00"E along said R.O.W. for a distance of 477.45 feet; thence run N65°29'40"W for a distance of 381.52 feet to the Easterly R.O.W. of Silkstocken Road; thence run S24°36'00"W for a distance of 72.65 feet to the P.O.B. Containing 4.21 acres, more or less.

Countrywide's Evidentiary Submission in Support of Motion for Summary Judgment ("Evidentiary Submission"), Exh. 1 ("Mortgage").[3]

   4. The Mortgage was recorded in Real Property Book 1102, Page 384, of the records in the Office of the Judge of Probate, Jefferson County, Alabama. Mortgage. The Mortgage was subsequently assigned by TMCI to Countrywide Funding Corporation (now known Countrywide Home Loans, Inc.) by instrument recorded in Real Property Book 1102, Page 391, of the said

---

   [3] Unless otherwise noted, all record citations will be to the Exhibit number within Countrywide's Evidentiary Submission, submitted to the court on August 3, 2000.

probate court records. Countrywide, TMCI's assignee, is the current holder of the Mortgage. Exh. 2.

5. The Mortgage secured to TMCI repayment of a loan made to Rev. Scarber on or about August 1, 1995, in the amount of $146,000.00, which loan was evidenced by a note ("the Note") signed by Rev. Scarber and dated August 1, 1995. TMCI's interest under the Note was assigned to Countrywide Funding Corporation (now known as Countrywide Home Loans, Inc.) by means of an instrument entitled "Allonge to Note." Countrywide, TMCI's assignee, is the current holder of the Note. Exh. 4, exhibit A ("Note").

6. Rev. Scarber died on December 29, 1998. On February 1, 1999, Letters Testamentary were issued by the Probate Court of Jefferson County, Alabama, Bessemer Division, to Valerie Scarber appointing her as Executrix of the Estate of Dorosco Scarber, Sr. Complaint, "Allegations of Fact," ¶ 2.

7. Because Rev. Scarber, or his estate, successors or assigns (hereinafter collectively, "borrower") has failed to perform its obligations under the Mortgage, the Mortgage is in default as described in paragraph 12 of the Mortgage. Exh. 4, ¶ 2(a); Mortgage ¶ 12. Specifically:

    a. Pursuant to paragraph 1 of the Mortgage, the borrower covenanted to "promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note." Mortgage, ¶ 1. Paragraph 3 of the Note, in turn, required the borrower to pay "to the Note Holder principal and interest by making payments every month . . . on the first day of each month beginning September 1, 1995," until "all principal and interest and any other charges . . . " had been paid. Note, ¶ 3.

    b. The borrower failed to make the payments on the indebtedness secured by the Mortgage as required of the borrower under the Note and Mortgage. In fact, borrower has been in default for delinquent payment since May 1997, and, as of July 31, 2000, owed over $55,000.00 in interest, fees and other charges due under the Mortgage, in addition to the principal amount owed of $144,027.56. The total amount of principal and interest due under the Mortgage as of July 31, 2000, exclusive of fees and other charges, was $185,401.45. Exh. 4, ¶ 2(b).

  8. Countrywide, the holder of the Mortgage, has provided notice of the default to the borrower as required by paragraph 21 of the Mortgage. Specifically, on April 26, 1999, Countrywide provided written notice of default to the Estate of Dorosco Scarber, care of the Estate's Personal Representative and administrator, Valerie Scarber, indicating that the said default must be cured within thirty days and informing borrower of her rights under the Mortgage. Countrywide again provided written notice of the default to Valerie Scarber as Personal Representative and administrator of the Estate on May 27, 1999. Finally, on September 16, 1999, Countrywide provided written notice to Valerie Scarber, as Personal Representative of the Estate of Dorosco Scarber, that the Mortgage was to be foreclosed and the collateral property sold at foreclosure sale. Exh. 3, pp. 155-164 and attached exhibits 11-15.

  9. Plaintiff, individually and/or as executrix of the Estate, has adduced no evidence that the loan secured by the Mortgage is not in default or that the default has ever been cured. Exh. 3, pp. 215-216. Nor does plaintiff dispute that she, as the personal representative of the Estate, received the notice of default described in paragraph 8, above. *Id.* at pp. 155-64; 215-16.

Therefore, pursuant to paragraph 21 of the Mortgage, Countrywide is entitled to "invoke the power of sale and any other remedies permitted by applicable law." One such remedy that is permitted by Alabama law is that of judicial foreclosure.

   10. Contrary to the allegations of Count Four of the Complaint, the Mortgage and Note are valid and enforceable against Dorosco Scarber or his Estate, successors or assigns, regardless of whether the loan originator was properly licensed under the Mini-Code, Section 5-19-22, *Code of Alabama* (1975). Therefore, Countrywide is entitled to judgment as a matter of law on Count Four of plaintiff's Complaint.

## CONCLUSION

Based on the foregoing findings of fact and conclusions of law, the court concludes that Countrywide is entitled to summary judgment on Counts One and Four of the Complaint and on Count One of its Counterclaim. An order in accordance with this Opinion will be entered contemporaneously herewith.

   **DONE** this 5th day of February, 2001.

                */s/ Sharon Lovelace Blackburn*
                SHARON LOVELACE BLACKBURN
                United States District Judge